<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | **:** | |
| **GREEN TREE SERVICING LLC,** | **:** | |
| | **:** | **No. 14-1690 (KM)** |
| **Plaintiff,** | **:** | |
| | **:** | |
| v. | **:** | |
| | **:** | |
| **JOSE SANTOS ORELLANA,** | **:** | **REPORT AND RECOMMENDATION** |
| | **:** | |
| **Defendant, Pro Se.** | **:** | |
| | **:** | |

## I.    INTRODUCTION

This matter is before the Court on the motion filed by Green Tree Servicing LLC

("Plaintiff") to remand this matter to the Superior Court of New Jersey, Chancery Division,

Passaic County (the "Superior Court"). See Pl.'s Mot. to Remand, Feb. 3, 2015, D.E. 3-11.

Plaintiff's motion is unopposed.[1]  The Honorable Kevin McNulty, United States District Judge,

referred this motion to the Undersigned for a Report and Recommendation.

Pursuant to Federal Rule of Civil Procedure 78, the Court decided this motion without

oral argument.  For the reasons set forth below, the Undersigned concludes that the Court lacks

subject matter jurisdiction over this matter.  Accordingly, the Undersigned respectfully

recommends that the District Court grant Plaintiff's motion and remand this matter to the

Superior Court.

---

[1] Defendant's opposition to Plaintiff's motion to remand was due by February 17, 2015.
Defendant's first and last activity in this matter occurred when he removed this case more than one year
ago on March 10, 2014.  See Notice of Removal, Mar. 10, 2014, D.E. 1.

II.   **BACKGROUND**

A.  **PROCEDURAL HISTORY**

On October 3, 2013, Plaintiff filed a Verified Complaint via an Order to Show Cause in

the New Jersey Superior Court.  See Compl. for Order To Show Cause ("OTSC Compl."), Oct.

3, 2013, D.E. 3-4, at Ex. A to Cert. of Kelly E. Drohan, Esq. in Supp. of Pl.'s Mot. to Remand

("Drohan Cert.").  Defendant, Jose Santos Orellana, acknowledged that he received the

Summons and the Complaint on December 20, 2013.  See Notice of Removal, at ¶ 10, Mar. 10,

2014, D.E. 1.[2]  He removed the action to this Court approximately three months later, on March

10, 2014.  See id. at ¶¶ 1-2.

Plaintiff is a residential mortgage company that "undertakes payment . . . and collection

efforts, including [foreclosure]" regarding mortgage loans.  See OTSC Compl., at ¶ 2, D.E. 3-4,

at Ex. A to Drohan Cert.  Pursuant to the New Jersey Fair Foreclosure Act, N.J.S.A. §§ 2A:50-1-

50-73, residential mortgage companies that seek to foreclose on a property (like Plaintiff) must

serve the debtor with a notice of intention ("NOI") at least thirty days before commencing

proceedings.  See N.J.S.A. § 2A:50-56(b).  The NOI contains pertinent information concerning a

foreclosure, including the amount of the mortgage at issue, the debtor's right to cure any default,

and the mortgage company's name and address.  Id. at § 2A:50-56(c).

The New Jersey Supreme Court issued a decision in Bank Nat'l Assoc. v. Guillaume, 209

N.J. 449 (2012) ("Guillaume"), on February 27, 2012, which clarified remedies available to

debtors who received deficient NOIs.  See OTSC Compl., at ¶¶ 6, 9.  The Supreme Court later

entered an Order authorizing the state courts to entertain summary actions by Orders to Show

Cause as to why residential mortgage companies "in any uncontested residential mortgage

---

[2] It appears that Plaintiff received the Summons and the Complaint in the state action in
California and not in New Jersey.  See Notice of Removal, at ¶ 11, Mar. 10, 2014, D.E. 1.

Foreclosure actions filed on or before February 27, 2012, in which Final Judgment had not been entered, who caused NOIs to be served that [violate the Fair Foreclosure Act] should not be allowed to serve remediated NOIs on [certain debtors.]"  Id. at ¶ 6.

In response to that Order, Plaintiff commenced this action in New Jersey Superior Court and sought permission to serve revised NOIs on more than a hundred New Jersey debtors, including Defendant Orellana (collectively the "Foreclosure Defendants"), consistent with the requirements announced in Guillaume.  Id. at ¶¶ 7-8.    According to Plaintiff, a Foreclosure Defendant would receive a revised NOI only if: (i) Plaintiff began a foreclosure proceeding on or before February 27, 2012; (ii) the debtor did not contest the foreclosure; (iii) the Superior Court had not entered final judgment; and (iv) Plaintiff served a Foreclosure Defendant with a deficient NOI.  See OTSC Compl., at ¶ 6, D.E. 3-4, at Ex. A to Drohan Cert.   Relevant to this case, Plaintiff served Defendant with a revised NOI so that Plaintiff could continue, consistent with Guillaume, foreclosure proceedings regarding Defendant's property located in Burlington, New Jersey.  See id. at Ex. A, 13, D.E. 3-4.

On March 10, 2014, Defendant removed the matter to this Court.  See Notice of Removal, Mar. 10, 2014, D.E. 1.  Just two days later, on March 12, 2014, and notwithstanding the Notice of Removal, the Superior Court entered an Order allowing Plaintiff to serve the revised NOIs.  See Final Order, Mar. 12, 2014, D.E. 3-6, at Ex C to Drohan Cert.

Plaintiff subsequently filed a formal foreclosure Complaint against Defendant on July 14, 2014.  See Foreclosure Compl., July 14, 2014, D.E. 3-8, at Ex. E to Drohan Cert. (the "Foreclosure Action").  In that matter, Plaintiff maintains that on April 1, 2010 Defendant defaulted on a mortgage for $208,050.  See id. at ¶¶ 1-2, 8.  Plaintiff further claims that it properly served Defendant with a revised NOI.  Accordingly, Plaintiff seeks possession of

Defendant's Burlington, New Jersey residence. See id. at ¶¶ 9-10. Defendant did not answer the

Complaint in the Foreclosure Action, and Plaintiff moved for entry of default. See Request to

Enter Default, Oct. 31, 2014, D.E. 3-10, at Ex. G to Drohan Cert. Plaintiff asserts that the

request for entry of default is currently pending in the Superior Court. See Pl.'s Mot. to Remand,

at 3, Feb. 3, 2015, D.E. 3-11.

### B. ARGUMENTS

In his application to remove this matter from state court, Defendant claimed that this

Court may exercise subject matter jurisdiction because the "underlying obligation was a Fannie

Mae originated product," and only federal law governs the collection of federal debts. Notice of

Removal, at ¶¶ 3-4, Mar. 10, 2014, D.E. 1. Defendant contended that the Federal Debt

Collection Procedure Act (the "FDCPA"), 28 U.S.C. §§ 3001- 3015, preempts any state law

concerning the mortgage at issue. See id. at ¶¶ 16-19. Accordingly, it appears that Defendant's

removal was predicated on the assertion that federal debt collection law, rather than state

foreclosure law, applies here. See id. at ¶¶ 3-19.

Plaintiff argues that remand is necessary because the Court lacks subject matter

jurisdiction. See Pl.'s Mot. to Remand, at 6, D.E. 3-11. Plaintiff asserts that no federal question

exists because the Complaint references neither federal statutes nor federal common law. See id.

In fact, in the state action, Plaintiff sought to serve revised NOIs, via an Order to Show Cause,

pursuant to New Jersey state law, specifically the New Jersey Supreme Court's decision in

Guillaume. See id. at 4-6. In addition, Plaintiff asserts that this Court must remand because the

Superior Court granted Plaintiff's requested relief by entering a Final Order on March 12, 2014.

See Pl.'s Mot. to Remand, at 5, D.E. 3-11; see also Final Order, Mar. 12, 2014, D.E. 3-6, at Ex.

C to Drohan Cert.  As a result, Plaintiff contends, Defendant is improperly litigating a moot

issue.  See Pl.'s Mot. to Remand, at 5.[3]

Defendant did not oppose Plaintiff's motion to remand.

### III.   DISCUSSION

#### A.  SUBJECT MATTER JURISDICTION

Section 1331 of Title 28 of the United States Code provides federal district courts with

jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United

States."  Although courts construe pleadings drafted by pro se litigants to less stringent standards

than those drafted by lawyers, pro se litigants still bear the "burden of showing that the case is

properly before the court at all stages of the litigation."  Phillip v. Atl. City Med. Ctr., 861 F.

Supp. 2d 459, 466 (D.N.J. 2012) (internal quotations and citations omitted).

The United States Supreme Court has explained that under the "well-pleaded complaint

rule" the face of plaintiff's complaint must clearly provide the basis for federal jurisdiction.

Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("[T]he question whether a

claim 'arises under' federal law must be determined by reference to the 'well-pleaded

complaint.'") (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463

U.S. 1, 9–10 (1983)).  In general, a case "arises under" federal law if: (i) the well-pleaded

---

[3] Plaintiff also seeks remand because Defendant untimely removed the case.  See Pl.'s Mot. to Remand, at 3-4, D.E. 3-11.  Plaintiff asserts that Defendant did not remove within the thirty-day limit under 28 U.S.C. § 1446(b).  Indeed, it appears that although Defendant admitted receiving the Complaint on December 20, 2013, he did not remove it to this Court until March 10, 2014, well beyond the thirty-day limit.  See id.; see also Notice of Removal, at ¶¶ 1, 10, Mar. 10, 2014, D.E. 1.

However, Defendant waived this argument because it failed to timely assert it.  Section 1447(c) allows only thirty days to remand based on procedural defects such as untimely removal.  28 U.S.C. § 1447(c); Ramos v. Quien, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008) (citations omitted) (holding that remand motion based on procedural defects, such as untimely removal, "is clearly waived if it is not raised within thirty days after the filing of the notice of removal.").

complaint either sets forth claims based on federal law, or (ii) a federal statute "wholly displaces the state-law cause of action" so that the claims "even if pleaded in terms of state law, [are] in reality based on federal law." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) (instructing that the "arising under" requirement "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law.").

## B. REMOVAL

Sections 1441 and 1446 of Title 28 of the United States Code govern the removal of civil cases. Removal statutes must be "strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). The party seeking removal bears the burden of establishing that removal is proper. See Rosebud Holding L.L.C. v. Burks, 995 F. Supp. 465, 467 (D.N.J. 1998). Furthermore, a defendant may remove an action first brought in state court only if the plaintiff could have filed the complaint within the federal court's original jurisdiction. See 28 U.S.C. § 1441(b).

To determine whether removal is proper, the "inquiry begins and ends within the four corners of the pleading. [Therefore, the] inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." Vartanian v. Terzian, 960 F. Supp. 58, 60 (D.N.J. 1997) (emphasis in original) (quoting Rowe v. Marder, 750 F. Supp. 718, 721 (W.D. Pa. 1990) aff'd 935 F.2d 1282 (3d Cir. 1991). Accordingly, removal is proper "only when plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, (1987).

A decision to remand is dispositive.  In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Remand is appropriate under 28 U.S.C. 1447(c) "for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).

### C.  ANALYSIS

Remand is appropriate here because the Court lacks subject matter jurisdiction.  The Complaint does not seek relief under federal law; nor does it reference any statutes or regulations that give rise to a federal claim.  See OTSC Compl., Oct. 3, 2013, D.E. 3-4, at Ex. A to Drohan Cert.; see also Vartanian, 960 F. Supp. at 60 (explaining that a complaint requires a "substantial degree of specificity" to indicate that "all the elements of federal jurisdiction are present.").   At bottom, Plaintiff filed this matter via an Order to Show Cause in the Superior Court to comply with the New Jersey Supreme Court's decision in Guillaume, which clarified remedies available under state law to debtors who received deficient NOIs.  See OTSC Compl., at ¶¶ 4-10.  Indeed, the Superior Court relied only on New Jersey state law when it allowed Plaintiff to serve the revised NOIs.  In the Final Order approving Plaintiff's requested relief, the Superior Court ruled that: (i) Plaintiff commenced the state court matter "as a summary proceeding pursuant to [N.J. Court Rule] 4:67-2;" and (ii) the revised NOIs served with the Complaint "complied with the requirements of the [New Jersey] Fair Foreclosure Act."  Final Order, at ¶¶ A, 3, Mar. 12, 2014, D.E. 3-6, at Ex. C to Drohan Cert.

Nor can Defendant rely on the FDCPA to remove this case.  That law regulates the "exclusive civil procedures for the United States . . . to recover a judgment on a debt or to obtain,

before judgment on a claim for a debt, a remedy in connection with such claim."  28 U.S.C. §

3001(a) (emphasis added); see also N.L.R.B. v. E.D.P. Med. Computer Sys., Inc., 6 F.3d 951,

954 (2d Cir. 1993) ("The purpose of the Act was to create a comprehensive statutory framework

for the collection of debts owed to the United States government, in order to improve the

efficiency and speed in collecting those debts.") (citations omitted).   And, here, Defendant has

offered no evidence that: (i) the mortgage at issue is a debt owed to the United States; or (ii)

Plaintiff is somehow collecting a debt on behalf of the United States government.  See, e.g., H.R.

Rep. No. 103-883, at 81 (1995) ("The Federal Debt Collection Procedures Act of 1990 [was

enacted] to give the Justice Department uniform Federal procedures-prejudgment remedies and

[post-judgment] remedies to collect debts owed the United States nationwide. Previously, the

Federal Rules of Civil Procedure required the Justice Department, like all litigants in Federal

court, to use the procedures provided under the law of the State in which the proceeding tool

place.").[4]

    Furthermore, Defendant removed the state court matter concerning the NOIs, and not the

subsequent Foreclosure Action.  See Notice of Removal, Mar. 10, 2014, D.E. 1; see also

Foreclosure Compl., July 14, 2014, D.E. 3-8, at Ex. E to Drohan Cert.  In other words,

Defendant's alleged default on the mortgage securing his property is not at issue here.  Rather,

---

[4] Defendant may have meant that the Fair Debt Collection Practices Act, instead of the Federal
Debt Collection Procedures Act, provided federal jurisdiction.  But the Fair Debt Collection Practices Act
plainly does not govern Plaintiff's claims or supply federal jurisdiction.  Congress enacted that law to
prevent the "abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C.
§ 1692(a); see also Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006) ("Accordingly, the [Fair
Debt Collection Practices] Act provides consumers with a private cause of action against debt collectors
who fail to comply with the Act.").  The Complaint clearly does not seek relief under the Fair Debt
Collection Practices Act.  Instead, Plaintiff filed this action seeking foreclosure on Defendant's
Burlington, New Jersey residence after Defendant defaulted on the mortgage.  See OTSC Compl., at ¶¶ 1-
4, Oct. 3, 2013, D.E. 3-4, at Ex. A to Drohan Cert.

the core issue was whether Plaintiff could serve revised NOIs on various New Jersey debtors,

including Defendant, so that Plaintiff could later commence foreclosure actions against those

debtors.  See OTSC Compl., at ¶¶ 11-15, D.E. 3-4, at Ex. A to Drohan Cert.  For this reason,

even if the government owned the mortgage on Defendant's property, which Defendant has not

shown that it did, that fact simply would not affect the Court's removal analysis.  Simply put, the

Complaint controls the analysis, and the face of that pleading indicates no federal question at

issue here.  See id. at ¶¶ 1-15.  Additionally, Plaintiff has not opposed the motion to remand, and

therefore has not explained how the Complaint could supply jurisdiction.

A third reason in favor of remand is that Defendant seeks to litigate a settled case.  See

Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988) ("We agree . . .

that it would be a perversion of the removal process to allow a litigant who is subject to a final

judgment to remove that final judgment to the federal courts for further litigation . . . certainly a

claim that has been reduced to a final judgment in the state court cannot be made subject to

relitigation through removal.").  Here, as a basis for removal, Defendant asserts that Plaintiff

delayed serving the Complaint until December 20, 2013.  See Notice of Removal, at ¶ 10.  The

Superior Court disagreed with that assertion because it allowed Plaintiff to serve the revised

NOIs on March 12, 2014.  See Final Order, Mar. 12, 2014, D.E. 3-6, at Ex. C to Drohan Cert.

Thus, even if subject matter jurisdiction existed, which it does not, [5] it is not clear whether any

actual case or controversy would exist before the Court.

_____

[5] Defendant also has not established that the Court may exercise diversity jurisdiction.  See
Phillip v. Atl. City Med. Ctr., 861 F. Supp. 2d 459, 467 (D.N.J. 2012) (explaining that diversity
jurisdiction requires "complete diversity of citizenship among the parties and an amount in controversy
exceeding $75,000.").  Defendant maintains that complete diversity exists here because the mortgage at
issue exceeds $75,000, and because Defendant is domiciled in New Jersey, whereas Plaintiff allegedly
resides in Minnesota.  See Notice of Removal, at ¶¶ 1-2, Mar. 10, 2014, D.E. 1.  While it appears that the
Foreclosure Action Complaint satisfies the $75,000 amount-in-controversy requirement, see Foreclosure
Compl., at ¶¶ 1-2, July 14, 2014, D.E. 3-8, at Ex. E to Drohan Cert., Defendant has not submitted

## IV.    CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that the Court

grant Plaintiff's motion and remand this matter to the Superior Court. [D.E. 3].

Under 28 U.S.C. § 636, and L. Civ. R. 71.1(c)(2), the parties have fourteen days to file

and serve objections to this Report and Recommendation.

Date: May 5, 2015

s/ Michael A. Hammer
<br>
UNITED STATES MAGISTRATE JUDGE

---

evidence concerning the parties' complete diversity.  Plaintiff alleges that Defendant resides in New Jersey, and it served Defendant with the Complaint in the Foreclosure Action in this state.  See id. at ¶¶ 1-4; see also Aff. of Service, Aug. 25, 2014, D.E. 3-9.  However, the Complaint in the Foreclosure Action asserts that Plaintiff maintains "an office at 1400 Turbine Drive" in Rapid City, South Dakota, instead of Minnesota.  See id. at ¶ 1.  Nonetheless, the Complaint in the Foreclosure Action does not specify Plaintiff's state of incorporation, or its principal place of business, and Defendant has offered no evidence concerning either issue.  See id. at ¶¶ 1-3; see also Notice of Removal, at ¶¶ 1-10.   Defendant thus has not established that the Court may exercise federal jurisdiction.